SHAW-WALKER CO. *v.* FITZSIMONS.

1. APPEAL AND ERROR—BRIEFS—ABANDONMENT OF ASSIGNMENTS.
    Assignments of error not discussed in the brief of plaintiff in error will be deemed abandoned.

2. STIPULATIONS — CONSTRUCTION—ADMISSION OF PLAINTIFF'S DE-MAND.
    In an action for the price of goods sold and delivered, in which set off and recoupment have been pleaded, a stipulation "that the bill of particulars filed by plaintiff correctly sets forth the merchandise sold and delivered and the price charged therefor, and the amount unpaid is $606.25," is an admission by defendants of the receipt of the goods and the balance due plaintiff, subject to defendant's claim of set-off and recoupment.

3. SET-OFF AND RECOUPMENT—EVIDENCE—NECESSITY.
    Where, in an action for the price of goods sold, there is a stip-
    ulation admitting plaintiff's claim as shown by its bill of par-
    ticulars, and, though a breach of contract is shown, there is
    no evidence to warrant the jury in fixing damages upon any
    item set up in defendants' bill of particulars of set-off and re-
    coupment, a verdict is properly directed for plaintiff.

Error to Wayne; Mandell, J.   Submitted January 18,
1907.   (Docket No. 69.)   Decided July 1, 1907.

Assumpsit by the Shaw-Walker Company against
James Fitzsimons and Morris Sullivan, copartners as
James Fitzsimons & Company, for goods sold and deliv-
ered.   There was judgment for plaintiff on a verdict
directed by the court, and defendants bring error.   Af-
firmed.

*George B. Greening* ( *William G. Fitzpatrick* and
*Richard I. Lawson*, of counsel), for appellants.

*Anderson & Rackham*, for appellee.

McALVAY, C. J.   Plaintiff, a Michigan corporation,
entered into a contract in writing with defendants, April
14, 1904, on certain terms and conditions making defend-
ants its exclusive agents in the city of Detroit for the sale
of its multi-cabinet line of sectional filing cabinets, etc.,
at certain discounts, agreeing to do certain things as to
advertising and furnishing catalogues; accounts to be due
and payable in 30 days.   In consideration of discounts
and the services to be performed, defendants agreed to
maintain a stock of not less than $500 worth of plaintiff's
goods, and give them prominence in their salesrooms and
in advertising, to the exclusion of all similar goods.   The
right was mutually reserved to terminate the agreement
on 30 days' notice.   For the purposes of this case it is not
necessary to print this contract at length.   Goods were
delivered to defendants under this agreement.   Soon after-
wards defendants began to complain on account of non-

fulfillment of the agreement by plaintiff in several particulars. On August 11, 1904, they gave notice of cancellation of the contract. In December, 1904, plaintiff sued defendants in the circuit court for Wayne county in assumpsit, declaring on the common counts for goods sold and delivered, and filing a verified bill of particulars showing a balance of $606.25. Defendants pleaded the general issue, giving notice of set-off and recoupment, claiming damages for failure to perform the terms and conditions of a written contract and supplemental amendments thereto, adding an affidavit denying plaintiff's claim, and stating that all goods on hand were then stored and held for plaintiff as already notified, together with a bill of particulars of set-off and recoupment.

Pending the suit and before trial these parties by their attorneys entered into a stipulation in writing, as follows (omitting entitling and signatures):

"It is hereby agreed by and between the parties to the above-entitled cause, by their respective attorneys, that the bill of particulars of plaintiffs filed in said cause correctly sets forth the merchandise sold and delivered by the plaintiff to the defendants and the price charged therefor, and the amount unpaid is $606.25.

"This stipulation is made in pursuance of a talk over the telephone between Mr. Rackham and Mr. Greening to obviate the necessity of plaintiff having its witnesses, Louis C. Walker and Morse, come to this city a second time for the purpose of giving their testimony as to the facts above admitted.

"This stipulation is not intended to be considered as a waiver of any claim made by the defendants as set forth in their set-off and recoupment.

"Dated February 14, 1906."

When the case came on for trial the plaintiff offered in evidence this stipulation and the files in the case, and rested. Defendants asked for a directed verdict, for the reason that in his opening plaintiff's attorney had stated that defendants were agents for plaintiff under a written contract, which had not been introduced in evidence, and no proof had been made to show its fulfillment. The

court denied this motion, and defendants excepted. No error is assigned upon the denial of this motion.

Defendants then proceeded to trial, offering the contract in evidence, and putting in testimony which was claimed to show default in fulfillment of the contract on plaintiff's part, and damages by reason thereof. Plaintiff offered proof in rebuttal. The court instructed a verdict for plaintiff for the full amount claimed. From the judgment entered thereon defendants have brought the case to this court for review upon writ of error. The errors assigned are all upon the charge and direction of the court, and refusals to charge, and upon the refusal of the court to allow defendants, under Circuit Court Rule 24c, to have the opening and closing in taking testimony. This last assignment of error is abandoned, not being discussed in defendants' brief.

The only question to consider is whether the court erred in directing a verdict for plaintiff. The court held that the stipulation given above was an admission by defendants of the receipt of the goods and the balance due plaintiff. We think it warrants that construction. It recites, among other things, "that the bill of particulars of plaintiff filed in said cause correctly sets forth the merchandise sold and delivered by the plaintiff to the defendants and the price charged therefor, and the amount unpaid is $606.25." During the trial defendants' attorney, in urging the application of Circuit Court Rule 24c, said:

"We concede what they claim, but we propose to reduce their claim by a set-off and recoupment."

The stipulation did not waive the right to claim set-off and recoupment, and the defendants put in all the proofs they desired under their notice of such defense. The amount paid to Mr. Keberg of $28.85 per week for 17 weeks is the only item of which there is definite proof. Keberg was recommended to defendants by plaintiff's agent who dealt with defendants at the time the contract was made. No claim is made that he was not competent,

but that, by reason of default on plaintiff's part in fulfilling the contract, defendants should recoup Keberg's wages as part of the damages sustained by them. Plaintiff's bill of particulars shows goods sold and delivered to defendants to the amount of $1,061.90, with total credits of $455.65, which includes goods returned and some discounts. The testimony of defendant Fitzsimons shows that about $300 worth of these goods were sold. There was evidence in the case tending to show that plaintiff had defaulted in not furnishing catalogues and doing advertising as agreed in the contract, but nothing definite as to the damages arising therefrom in any particular. If, for the purpose of selling these goods, a new department was created in defendants' business, and Keberg was employed to manage that department, money paid him might be an element of damages, if shown that such damages arose from the breach of the contract by plaintiff. No such showing has been made. Nor is there any testimony in the case which would warrant the jury in fixing damages upon any item set up in defendants' bill of particulars of set-off and recoupment. It is elementary that damages for breach of contract must be proved with reasonable certainty, and are not to be inferred or fixed arbitrarily by the jury.

The conclusion of the court was correct in directing a verdict for plaintiff. The judgment is affirmed.

CARPENTER, GRANT, HOOKER, and MOORE, JJ., concurred.