FRIEDBERG'S INC. v. KRAMER.

1. STIPULATIONS—PROOF OF FACTS STIPULATED IS WAIVED.
    Where, in an action for the conversion of a ring, counsel for defendant, in open court, conceded that plaintiff, a Michigan corporation, had been dissolved and its assets transferred to a Delaware corporation, and that it be

substituted as plaintiff, he thereby waived proof of the assignment of the claim sued on.[1]

2. SAME.
   Where counsel, upon the trial, stipulate certain facts, proof thereof is dispensed with.

Error to Wayne; Johnson (Clayton C.), J., presiding.     Submitted January 15, 1926.     (Docket No. 7.) Decided March 20, 1926.

Case by Friedberg's Incorporated against Edward H. Kramer for the fraudulent conversion of a diamond. Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Barbour & Martin,* for appellant.

*Finkelston, Lovejoy & Chilson,* for appellee.

SHARPE, J.     M. Friedberg, of Detroit, entered into a contract on November 11, 1920, to sell to defendant a ladies' diamond ring for $4,250.     Two hundred and fifty dollars was paid in cash, and the balance was to be paid at the rate of $200 or more per month.     The ring was delivered to defendant.     Only one $200 payment was made.     In November, 1921, Friedberg transferred his interest in the contract to Friedberg's Incorporated, a Michigan corporation.     On defendant's refusal to deliver the ring on demand (it appears that he had pawned it in Chicago), the corporation began suit to recover for its unlawful and fraudulent conversion.

When plaintiff was about to close its proofs, the following occurred:

"*Mr. Lovejoy:* I have just been informed by Mr. Friedberg, that since the institution of this suit, he dissolved the Michigan corporation and organized the Friedberg's Incorporated, a Delaware corporation.  I

---

[1]Trial, 38 Cyc. p. 1327.

would like to make a suggestion on the record at this time that the suit is brought by the name of Friedberg's Incorporated, a Delaware corporation.

"*Mr. Martin:* I object to that."

After some discussion:

"*Mr. Martin:* I am perfectly willing to try this case on its merits.

"*The Court:* Do you concede?

"*Mr. Martin:* I want to save my rights.

"*The Court:* You can't save your rights, you say you want to try the case but you don't want to concede to the change of this party's name. The court has to look out for himself, and I may do it by sending this case back to the clerk because I tell you, gentlemen, this case isn't in shape and wasn't in shape to start in this court to be tried.

"*Mr. Martin:* Well, I will concede.

"*Mr. Lovejoy:* That the Friedberg's Incorporated, a Michigan corporation, was dissolved on or about July, 1923, and the assets of the Michigan corporation, complainant in this suit, were assigned and transferred to the Delaware corporation, which is now the real party in interest in this suit. The record will show that the suit is in the name of the Delaware corporation, as plaintiff, plaintiff is owner of the claim in question.

"*Mr. Martin:* Defendant concedes to the motion.

"*The Court:* How will you proceed with this case on record, what is the name of the concern now?

"*Mr. Lovejoy:* Friedberg's Incorporated, a Delaware corporation.

"*The Court:* All right, we will proceed then in the name of the present corporation. There is only one defendant?

"*Mr. Martin:* Only one defendant.

"*The Court:* I thank you, gentlemen, that's the way to do business."

The record does not disclose that any other proof was offered, although it is apparent from the charge of the court that additional proof was submitted.

The defendant preferred the following request:

"I charge you that there is no evidence that Friedberg's Incorporated, a Delaware corporation, has ever received an assignment of Exhibit 1, from Friedberg's Incorporated, a Michigan corporation; therefore, your verdict must be for the defendant of no cause for action."

The jury found for the plaintiff in the sum of $2,205. Defendant reviews the judgment entered on the verdict by writ of error. The only assignment discussed is the refusal to direct a verdict in compliance with the above request. What was said by defendant's counsel was clearly a concession that the Delaware corporation was the "owner of the claim in question." The record is barren of even a suggestion on the part of defendant's counsel that he did not intend to be so understood. He must have known that plaintiff's counsel relied on such concession as he offered no further proof relating to the assignment. Counsel may, and frequently do, upon the trial stipulate certain facts. Proof is thereby dispensed with. *Shaw-Walker Co.* v. *Fitzsimons*, 148 Mich. 626, 629.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.